21-1029-cv
Boesen v. United Sports Publications, Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of February, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             MYRNA PÉREZ,
                     *Circuit Judges*.

_____

MICHAEL BARRETT BOESEN,

             *Plaintiff-Appellee*,

             v.                                          21-1029-cv

UNITED SPORTS PUBLICATIONS, LTD.,

             *Defendant-Appellant*.

_____

Appearing for Appellant:          Moish Eli Peltz, Falcon Rappaport & Berkman PLLC, Rockville Centre, N.Y.

Appearing for Appellee:           James H. Freeman, Liebowitz Law Firm, PLLC, New Rochelle, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

United Sports Publications, Ltd. appeals from the March 25, 2021 opinion and order of the United States District Court for the Eastern District of New York (Ross, *J.*) denying its motion for attorney's fees under the Copyright Act, *see* 17 U.S.C. § 505, following its successful defense of a copyright infringement action brought against it by Michael Barrett Boesen. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the denial of an application for attorney's fees for abuse of discretion. *Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 151 (2d Cir. 2013). The Copyright Act provides that a district court "may . . . award a reasonable attorney's fee to the prevailing party" in a copyright infringement action. 17 U.S.C. § 505. The word "may" in Section 505 "clearly connotes discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). The Supreme Court has established a number of "standards [that] should inform" the exercise of that discretion. *Id.* at 519. First, "a district court may not 'award[] attorney's fees as a matter of course'; rather, a court must make a more particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (alterations in original) (quoting *Fogerty*, 510 U.S. at 533). Second, "a court may not treat prevailing plaintiffs and prevailing defendants any differently[.]" *Id.* Third, the Supreme Court has endorsed "'several nonexclusive factors' to inform a court's fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (alterations in original) (quoting *Fogerty*, 510 U.S. at 534 n.19). "Although objective reasonableness carries significant weight" in the consideration of those factors, the district court "must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals" of "encouraging and rewarding authors' creations while also enabling others to build on that work." *Id.* at 204, 209.

The district court understood and ably followed these instructions. The court made a "particularized . . . assessment" of the propriety of attorney's fees in this case. *Id.* at 202. There is no allegation that it either "award[ed] attorney's fees as a matter of course," *id.* (quoting *Fogerty*, 510 U.S. at 533), or "treat[ed] prevailing plaintiffs and prevailing defendants any differently," *id.* And the court's detailed consideration of the four factors shows it adhered to *Kirtsaeng*'s instruction to give significant, but not dispositive, weight to objective unreasonableness. *Id.* at 209. We discern no abuse of discretion in the court's conclusion that, although it "ha[d] some concerns about plaintiff's motivation and plaintiff's counsel's broader approach to copyright litigation, the objective reasonableness and non-frivolousness of plaintiff's claim *in this case* outweigh those considerations." *Boesen v. United Sports Publ'ns, Ltd.*, 20-CV-1552 (ARR) (SIL), 2021 WL 1145730, at *5 (S.D.N.Y. Mar. 25, 2021) (emphasis in original).

We are unpersuaded by United Sports' contrary arguments. United Sports first contends that the district court failed to properly apply *Kirtsaeng*. *Kirtsaeng* explained that, in considering whether to award fees, district courts should not "giv[e] special consideration to whether a lawsuit resolved an important and close legal issue and thus 'meaningfully clarifie[d]' copyright law." 579 U.S. at 203 (alterations in original). United Sports asserts that the district court did just that when its ruling described this case as one requiring the application of "traditional principles of fair use

to a relatively novel factual context: embedding an Instagram post featuring a copyrighted image in reporting on the post itself." *Boesen*, 2021 WL 1145730, at *3. There was nothing improper about this observation. The district court's assessment of the novelty of United Sports' successful fair use defense merely served to show that Boesen's suit, although unsuccessful, had a reasonable basis in law and fact. *See id.* ("Given this context, plaintiff's arguments were merely untried, not unreasonable."). This discussion thus fit squarely within the objective unreasonableness factor.

United Sports also argues that the district court failed to properly consider Boesen's attorney's "exploitation of copyright law." Appellant's Br. at 11. We disagree. The district court assessed the motivation factor in detail. The court concluded that this factor favored United Sports, and it expressed "some concerns about plaintiff's motivation and plaintiff's counsel's broader approach to copyright litigation." *Boesen*, 2021 WL 1145730, at *5. United Sports may disagree with the court's ultimate determination that "the objective reasonableness and non-frivolousness of plaintiff's claim . . . outweigh" Boesen's counsel's improper motivations. *Id.* But the weighing of factors is paradigmatically within a district court's discretion.

For these reasons, we find no reason to disrupt the district court's thoughtful decision not to award United Sports attorney's fees. At the same time, we decline Boesen's request to award him attorney's fees for having to litigate this appeal. Just as the district court concluded that Boesen's claims below had a reasonable basis in law and fact, so too do we conclude that United Sports' pursuit of this appeal, although unsuccessful, was nevertheless objectively reasonable, non-frivolous, and properly motivated.

We have considered all of the parties' remaining arguments and find them to be without merit. Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3